### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**ROBERT L. MONTGOMERY**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:08-CV-439-R**

**COMMONWEALTH OF KENTUCKY et al.**                                  **DEFENDANTS**

#### MEMORANDUM OPINION

Unrepresented by counsel, the plaintiff, Robert L. Montgomery, filed a complaint against the Commonwealth of Kentucky and the state guardianship office.  Because the plaintiff is proceeding without payment of fees, the Court must undertake a preliminary review of the plaintiff's complaint.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The plaintiff's complaint alleges that the Guardianship Office of the State stole his house and his mother's house by not paying her homeowner's insurance when they were supposed to be "paying her bills with her check."  He states that it was his house too and that he wants something done to the State.  As relief he wants to have his mother "get out of the prison they have her in[;] she has done nothing wrong."  He also asks for restitution for her and her family.

### I. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the court must construe the complaint in a

light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v.*

*City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should

be dismissed for failure to state a claim upon which relief may be granted "only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

　　　　While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).

　　　　The Court lacks subject matter jurisdiction over the plaintiff's claims against the

Commonwealth of Kentucky and the state guardianship office because the Eleventh Amendment

to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought

directly against the states or its agencies.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting

under its control may be subject to suit in federal court." (internal quotation marks and citation

omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh

Amendment protects the Kentucky state government and the Kentucky Department of

Corrections from suit.").  The Eleventh Amendment provides:  "The Judicial power of the

United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or

2

Subjects of any Foreign State."  U.S. CONST., amend. XI.   Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate order, dismiss the plaintiff's complaint.

Date:

cc:      Plaintiff, *pro se*
4413.009

3